**MONTGOMERY WARD & CO., INC.,**
**an Illinois Corporation, Plaintiff,**

**v.**

**COUNTY OF ALAMEDA and City of**
**Oakland, Defendants.**

**No. C–74–1410 RHS.**

United States District Court,
N. D. California.

Feb. 26, 1975.

V. Judson Klein, Richard G. Polse, Johnston, Klein, Horton, Solomon & Baker, Oakland, Cal., for plaintiff.

Richard J. Moore, County Counsel, James May, Deputy County Counsel, Alameda County Counsel, Oakland, Cal., for defendants.

MEMORANDUM DECISION

SCHNACKE, District Judge.

Before this Court are cross-motions for summary judgment.

Plaintiff seeks to recover taxes collected by defendants on its Oakland warehouse inventory, consisting entirely of goods manufactured outside the United States and imported by plaintiff as finished items for sale to the American consumer. The sales occurred only through plaintiff's retail stores, not through the warehouse.

178

States and localities may not tax imports until the goods are sold, removed from the original package, put to the use for which they are imported, or have passed from the control of the importer [U.S.Const., Art. I, § 10, cl. 2; Dept. of Revenue v. James Beam Co., 377 U.S. 341, 343, 84 S.Ct. 1247, 12 L. Ed.2d 362 (1964); Hooven & Allison Co. v. Evatt, 324 U.S. 652, 657, 65 S.Ct. 870, 89 L.Ed. 1252 (1945)].

Defendants claim plaintiff's goods to be taxable because, although they had not been removed from the cartons or bales in which they had been imported, the cartons and bales had been removed from the trailers, commonly called "containers", in which they had made their overseas journey. Thus, the propriety of taxation depends on whether the containers were the original packages. This Court concludes that where, as in this case, the cartons and bales are *bona fide* and sturdy packaging devices, they, not the containers, should be regarded as the original packages. There is no essential difference between the containers and vehicles normally used in over-the-road transportation of property, so that the use of containers does not go to the essential nature of the transaction, but to the mere formalities of transportation [Michigan State Tax Comm. v. Garment Corp. of America, 32 Mich.App. 715, 189 N.W.2d 72, 74 (1971)].

It is true that Volkswagen Pacific, Inc. v. City of Los Angeles, 7 Cal.3d 48, 55–56, 101 Cal.Rptr. 869, 496 P.2d 1237 (1972), held that where opening the container signified a breaking of bulk for the sale or delivery of the separate parcels in it, the items in the parcels could be taxed. But in that case, once the individual parcels were removed from the containers, the importer distributed them to local dealers. The Court stated that the importer's opening of the container would not create tax liability where not effected for the sale or delivery of the parcels within, but, rather, so

that the importer can by other means of transportation divert his imports to his outlets in different interior states.

When a shipment arrives in plaintiff's warehouse, it is not known which particular goods will be sent to a local destination. Indeed, 82% of the taxed merchandise was not sent to a local facility or to California at all but to out-of-state facilities. And, unlike in *Volkswagen,* even the goods shipped from the warehouse to local facilities remained under the importer's control when they reached those facilities. These goods and those shipped to non-local facilities clearly didn't lose their character as imports until after they left plaintiff's warehouse.

Therefore, defendants' motion for summary judgment is denied, and plaintiff's motion for summary judgment is granted. An appropriate form of judgment shall be submitted.